# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**FATHERS & DAUGHTERS NEVADA, LLC, et. al**,

        Plaintiffs,

    v.

**JAMES EDWARD BECKMANN**,

        Defendant.

Case No. 3:16-cv-1645-SI

**ORDER**

**Michael H. Simon, District Judge.**

On September 18, 2017, the Court entered an order of default against Defendant James Edward Beckmann for failure to answer or otherwise plead to the complaint. ECF 49. Although Mr. Beckmann had filed several notices and other filings with the Court, none, even liberally construed, had answered or otherwise responded to the Amended Complaint. On October 5, 2017, Plaintiffs filed a motion for default judgment. ECF 52. On October 11, 2017, Defendant Beckmann filed a "Notice of Void Judgment," which the Court construed as a response in opposition to the motion for default judgment. ECF 54. On October 17, 2017, Defendant Beckmann filed a motion to dismiss this case, along with several additional notices. ECF 55-58.

PAGE 1 – ORDER

A court must liberally construe the filings of a *pro se* litigant. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998). Until Defendant filed his Motion to Dismiss, his filings contained arguments irrelevant to the claims in this case—*e.g.*, arguments that the Carl D. Crowell is using a pseudonym, arguments that the undersigned Judge is using a pseudonym, arguments that Defendant refuses to accept the jurisdiction of the Court, threats that use of Defendant's name or any orders against him will result in millions of dollars in judgments in his favor and against Mr. Crowell and the undersigned Judge. Although Defendant's Motion to Dismiss contains several of these same arguments, construing it liberally, it also asserts that that Plaintiffs do not have sufficient evidence that Mr. Beckmann is the person who infringed on Plaintiffs' rights, that their evidence is hearsay, that they fail to state a claim on which relief can be granted, that there is no witness with firsthand knowledge regarding the alleged infringement, that there is no evidence that can fairly trace the conduct of Mr. Beckmann to the alleged injury of Plaintiffs, and that there is no evidence that it was not a third party who infringed on Plaintiffs' rights, particularly because this case involves an "open internet site." The Court construes Defendant's "motion to dismiss" (ECF 55) as a motion to set aside the Court's entry of default.

The Court may set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c). Whether to set aside the entry of default is within the Court's discretion, and "a district court's discretion is especially broad when, as in this case, it is entry of default that is being set aside, rather than a default judgment." *Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (quotation marks omitted). In the Ninth Circuit, the "rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." *United States v. Signed Pers. Check No.*

*730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010). To determine "good cause," a court must consider the following factors: (1) whether the moving party engaged in culpable conduct that led to the default; (2) whether the moving party has a meritorious defense; and (3) whether setting aside the entry of default would prejudice the plaintiff. *Id.* at 1091; *see also Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). "This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Mesle*, 615 F.3d at 1091. Courts must also, however, keep in mind that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984)).

Accordingly, the Court informed Plaintiffs that the Court will interpret Defendant's motion to dismiss as a motion to set aside the default for good cause and asked Plaintiffs to file a response addressing the factors identified in *Mesle*. Plaintiffs filed their response (ECF 59). The Court analyzes the factors below.

**1. Culpable Conduct**

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (emphasis and alteration in original) (quotation marks omitted). The Court finds that Defendant engaged in culpable conduct that led to the default being entered against him. Defendant has clearly received notice—he has filed numerous filings with the Court. But in each of his filings, including the motion to dismiss the Court is liberally construing here, Defendant refuses to accept the Court's jurisdiction, refuses to specifically answer the complaint, and refuses to engage in the litigation process. Defendant repeatedly threatens Court personnel, including the undersigned Judge and

the U.S. Marshals, and opposing counsel with lawsuits and liens. Defendant has intentionally failed to answer.

### 2. Meritorious Defense

The burden on this element is of a "minimal nature." *Id.* at 1094. As the Ninth Circuit in *Mesle* explained:

> A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy. All that is necessary to satisfy the "meritorious defense" requirement is to allege sufficient facts that, if true, would constitute a defense: the question whether the factual allegation [i]s true is not to be determined by the court when it decides the motion to set aside the default. Rather, that question "would be the subject of the later litigation."

*Id.* (quotation marks and citations omitted) (alteration in original).

The Court was expecting that Plaintiffs would provide a response to the relevant facts and arguments raised in Defendant's filing relating to this prong of the test. Instead, Plaintiffs focused only on the irrelevant and sometimes incomprehensible arguments and assertions made by Defendant in his filing. Plaintiffs ignore the facts and assertions raised by Defendant that Plaintiffs do not have sufficient evidence that Defendant is the person who infringed on Plaintiffs' rights, that their evidence is hearsay, that Plaintiffs fail to establish a claim upon which relief may be granted, that there is no witness with firsthand knowledge regarding the alleged infringement, that there is no evidence that can fairly trace the conduct of Defendant to the alleged injury of Plaintiffs, and that there is no evidence that it was not a third party who infringed on Plaintiffs' rights, particularly because this case involves an "open internet site." Defendant made all of these assertions under oath.

This factor is a close call. Many of Defendant's assertions are generalized arguments or conclusions and not specific *facts* that would constitute a defense. Defendant does not expressly

PAGE 4 – ORDER

deny downloading or otherwise infringing on Plaintiffs' motion pictures.[1] But Defendant does assert that his internet site was "open" and that Plaintiffs have no evidence that it was not a third party, rather than Defendant, who infringed on their copyrighted material. If true, this would constitute a defense to Plaintiffs' claims. Defendant also asserts that there is no evidence that can fairly trace his conduct to Plaintiffs alleged injury. If true, this also might constitute a defense to Plaintiffs' claims. Although these allegations are not very extensive, the Ninth Circuit's focus on the "minimal nature" of this prong tips the scale in favor of Defendant. Accordingly, this prong supports setting aside the default.

### 3. Prejudice

Generally, a plaintiff will not be prejudiced by the setting aside of an entry of default because a party is not prejudiced by having to litigate a case on the merits. Here, however, the Court finds that Plaintiffs will be prejudiced. This is because Defendant likely will not litigate this case on the merits. Defendant has repeatedly stated that he does not accept the jurisdiction of the Court. This means that it is likely that Defendant will not file an answer or otherwise respond to Plaintiffs' Amended Complaint when given yet another opportunity to do so and after another delay and additional attorney fees, Plaintiffs will again be seeking default. Regardless, because the three-factor test is in the disjunctive and the Court has found that the second factor supports setting aside the default, the Court will set aside the default.

---

[1] Plaintiffs argue that Defendant has indicated culpability by conditionally accepting their claim of infringement in earlier filings with the Court (*e.g.*, ECF 42 at 3). A careful reading of this "conditional acceptance," however, shows that Defendant only accepted on the condition that Plaintiffs have an eye-witness with firsthand knowledge and other very specific items of proof and without those items of proof, then Plaintiffs are purportedly agreeing to pay Defendant $1,000,000 plus fees and to drop this lawsuit. Accordingly, the Court does not find that these "conditional" acceptances indicate any admission or acceptance of responsibility by Defendant.

# CONCLUSION

The Court liberally construes Defendants' motion to dismiss (ECF 55) as a motion to set aside the entry of default. This motion is GRANTED. The entry of default (ECF 49) is set aside. Plaintiffs' motion for default judgment (ECF 52) is DENIED AS MOOT. Defendant has made some statements in his motion to dismiss that appear to be denials and affirmative defenses asserted against Plaintiffs' Amended Complaint. Defendant must, however, file a new document in response to Plaintiff's Amended Complaint (ECF 28)—either an Answer or a motion (such as a motion to dismiss), that complies with the Federal Rules of Civil Procedure. If Defendant does not file such a document, then Plaintiffs will again be able to seek an entry of default. The deadline for Defendant to file such a document is December 8, 2017.

**IT IS SO ORDERED.**

DATED this 7th day of November, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge